### PEOPLE v. ROGERS.

(Supreme Court, Appellate Division, First Department. November 19, 1897.)

GRAND LARCENY—SUFFICIENCY OF EVIDENCE.

Upon the trial of an indictment for grand larceny in the second degree, the only evidence was that given by two witnesses on behalf of the people. One of them (a police detective) testified that he saw defendant "bunk" against a man in a crowd; that the man's watch and chain had dropped; that witness called on an officer to pick a watch out of the gutter, which was done. But he refused to testify that defendant made any attempt to take the watch, or that it was taken. The other witness (the officer) testified that he saw the detective seize defendant and point to the watch, and that he picked it up. Defendant moved for acquittal. The motion was denied, and defendant was convicted. *Held*, that the evidence did not warrant the conviction.

Appeal from court of general sessions, New York county.

William Rogers was convicted of grand larceny, and appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

John J. Halligan, for appellant.
John D. Lindsay, for respondent.

RUMSEY, J. At a court of sessions held in the month of April, 1897, the defendant was tried and convicted of the crime of grand larceny in the second degree, as a second offense, and was sentenced upon that conviction; and this appeal is taken from the judgment thus pronounced. Upon the trial the defendant offered no evidence, but after the plaintiff's case had been closed his counsel asked the court to instruct the jury to acquit. That motion was denied, and the important question in the case arises upon its denial, because

the defendant insists that the evidence did not warrant the verdict of guilty. All the testimony was given by two witnesses. One of them was a detective of the police force, who arrested the defendant, and his story, substantially, was that on the 17th of March, 1897, he saw the defendant in a crowd upon Fifth avenue, between Forty-Ninth and Fiftieth streets; that the crowd was breaking away, and he saw the defendant go through the crowd and "bunk" against a man, and the man's chain dropped, and the witness thereupon seized the defendant, and called upon him to give up the watch that he had taken, but the defendant denied having taken anything from anybody. The witness then said that the defendant moved his hand, and, as appeared from the record, he indicated the way in which the prisoner moved his hand; but, whatever the indication was, it is not apparent from anything in the papers. The witness further stated that he saw Officer McCarthy, and told him to pick the watch out of the gutter, which was done, and the watch was identified as the one picked up by officer McCarthy. Upon his cross-examination the witness testified that he saw Rogers jostle the man, and the chain drop; but he further testified that he would not swear that Rogers made any attempt, or put his hand in the man's pocket, nor would he swear that the watch was taken. McCarthy testified that he saw the former witness seize the defendant and point to the ground, and direct McCarthy to pick up the watch, which he did. That is substantially all the testimony that was given upon the trial. We are of the opinion that it was clearly insufficient to warrant a conviction. There was nothing to show that the defendant touched the man whose watch was said to have been taken, or that any watch whatever was taken, or that any effort was made by the defendant to do anything of the kind. In fact, the witness who saw the transaction expressly refused to testify to any such thing; and the case stands solely upon his statement that, the defendant having jostled against some man in the crowd, the detective saw that the man's watch chain had dropped after the jostling. He does not even say that the watch chain had not dropped before the man had been jostled against. There is nothing whatever in the evidence, as it stands, to warrant a conviction of the defendant for the crime of which he was charged. For that reason the judgment must be reversed, and a new trial ordered. All concur.